HIRAM G. HALLINGER, complainant and respondent,

*v.*

WALTER ZIMMERMAN, defendant and appellant.

[Filed November 20th, 1899.]

In the absence of misrepresentation on the part of the complainant in the case stated, specific performance of the agreement was decreed.

On appeal from a decree advised by Vice-Chancellor Grey, who delivered the following opinion :

The making of the agreement for the exchange, the tender of performance by the complainant and the refusal of performance by the defendant are substantially undisputed.

The question in the case turns upon the defence set up by the defendant as his excuse for non-performance, or, as he claims, his rescission of the contract.

As the parties themselves are, in many respects, in contradiction of each other, the documentary proofs and the testimony of others may more safely be accepted as to the facts touching the disputed matters.

In his original answer the defendant averred that he entered into the agreement, relying upon the complainant's statement that his Burlington property rented for $8 per month ; that he had found this statement to be false ; that it was out of repair

and could not be rented for that sum. Accordingly, he wrote to the complainant, stating, " I based my valuation of the Burlington property exclusively upon the statement which you made me as to the rental paid by the tenant, which statement is incorporated in the agreement," and in the same letter the defendant declared the contract to be void and demanded the return of his title to papers for the Camden property and his down payment of $50.

The complainant replied to this, declaring that he upheld the contract and that he was ready to comply with its terms, namely, to turn the Burlington property over to the defendant, " either rented at $8 per month or vacant," and notifying him that the property was vacant.

The defendant afterwards, by leave, filed an amended answer, in which he reframed his answer as to the complainant's representation touching the rent, averring that the complainant had, while they were negotiating, informed him that " the tenant then in possession of the property in Burlington was paying the sum of $8 per month rent," but that the tenant was practically a caretaker, and in consideration of the favorable rental the tenant made all the repairs, &c. In his amended answer the defendant alleged, as additional reasons for avoiding the contract, that the complainant had misrepresented the value of the Burlington property and that he had stated the property to be located on the best residence street in Burlington ; that these statements as to the value of the property, its rental value and its location on the best residence street were, to complainant's knowledge, false, &c.

The statements as to the value made by one trader to another in the course of their negotiations for an exchange, have always been considered to be mere expressions of opinion, which either party accepts as true at his own risk. *Wise* v. *Fuller, 2 Stew. Eq. 262.* In the case before me the parties dealt with each other at arm's length. Each knew the capacity of the other to paint with an attractive hue the merits of the property he offered in trade. Neither had any legal or equitable right to rely on the other's statements of value as matters of fact, nor, consider-

ing all the proofs, am I led to believe that either did, in truth, base his action upon such statements of the other.

The next ground set up as a false inducement to the making of the contract is that the complainant falsely represented that the property was in fact, at the time of the negotiations, rented at $8 per month.

The misrepresentation alleged, if made, related to an existing condition of fact which might well be within the knowledge of the complainant and is one upon which the defendant had a right to rely. The burden of proof must be carried by the defendant to show that the false statement was made by the complainant to mislead him into the purchase, and that, accepting it to be true, he was thus cheated into the making of the bargain.

The defendant testifies that the complainant told him " positively that the rent was $8 per month and that the tenant made repairs," &c.

The complainant denies this and swears that the negotiations for the exchange were concluded and the bargain made before anything was said touching the rent of the property; that the defendant was in the act of dictating the agreement to his type-writer, and he came to the place concerning the renting of the Burlington property, and then he said to complainant " what it rented for;" that complainant replied, " to the best of my knowledge, $8, but I have an idea it is empty." The defendant then said, " Well, say it is rented at $8." " No," said complainant, " I won't sign any such agreement." The contract was then drawn as above recited. The complainant further explains that he had seen the Burlington property but once, and then he only went upon the first floor; that he had rented it through agents; that the last rental he knew of preceding the negotiations was $8 per month and he had heard of no change; that he did not know whether the property was in fact then rented or not, and so insisted that the agreement be drawn as it now appears, stating that to be " vacant or subject to tenant rent at $8 per month."

It is difficult to understand why the defendant should have

Hallinger v. Zimmerman.

accepted an agreement for a conveyance of the property " vacant or subject," &c., if he had just been positively told that it was then rented at $8 per month, and relied on that fact as a substantial inducement to the bargain. The defendant's type-writer, who wrote the agreement, testifies that while she was writing it the defendant, who was dictating, broke off and asked the complainant the rent of the Burlington property. She says she cannot remember the exact reply, but that the complainant said " it rented for $8, but he hadn't heard recently from the agent." It will be noted that this testimony and the agreement itself corroborate the complainant's narration of the matter and indicate that complainant, in referring to the renting, disclaimed knowledge of the present condition of renting and was speaking of the past. When he spoke he had not heard from his agent so recently that he could tell whether the property was rented or not. The weight of the whole testimony on the point supports the view that the defendant did not base his assent to the bargain upon the fact that the property then rented for $8 per month, as is alleged in his answer, but that this was a mere incident which arose after the negotiations were concluded, and while the agreement was being reduced to writing, that it was then disclosed that the complainant did not in fact know whether the property was then rented at all ; that it had at some previous time been rented at $8, and the complainant knew of no change, and that the defendant accepted the property, as the agreement on its face shows, whether it was vacant or rented at $8 per month. The proofs show that some two years before the negotiations the property had been rented at $8 per month.

The other alleged misrepresentation was that the complainant falsely stated that the property was located on the best residence street in Burlington. The complainant admits that he told the defendant that the property was on Union street, which was said to be one of the best residence streets in Burlington. That the property is on Union street, and that Union street is one of the best residence streets in the town, is not substantially denied. But it also appears that this house and lot are at the westerly

end of that street, where, for two squares, the properties are not so good as at other places on the street, and that while there are several quite desirable houses opposite the property in question, the property itself is one of a row which does not appear to be of an attractive character.

What constitutes a best residence street is, to some extent, a matter of taste and opinion upon which men vary. The evidence, however, is undisputed that the property is in fact on one of the best residence streets in the town. No representation is alleged to have been made as to the character of the particular portion of that street where the property is located. Nor does either the allegation in the answer or the testimony offered show with any sufficient certainty anything relating to the house and lot in question which would justify a rescission or refusal to perform the contract.

The defendant has not sustained his allegations as to the misrepresentations of the complainant in inducing the making of the contract in question, nor has he shown any sufficient reason why he should not be decreed to perform his agreement according to its terms. He should be decreed to perform his contract.

*Mr. George A. Vroom*, for the appellant.

*Mr. George H. Peirce*, for the respondent.

PER CURIAM.

Decree affirmed, for the reasons given in the court of chancery.

*For affirmance*—THE CHIEF-JUSTICE, DEPUE, VAN SYCKEL, DIXON, GARRISON, LIPPINCOTT, LUDLOW, COLLINS, BOGERT, HENDRICKSON, NIXON, VREDENBURGH—12.

*For reversal*—None.